**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re ) | |
| ) | Case No. 17-20796-TBM |
| NINER, INC. ) | |
| EIN: 52-2448591 ) | Chapter 11 |
| Debtor-in-Possession. ) | |
| ) | |

_____

**NOTICE OF AUCTION AND HEARING TO CONSIDER**
**APPROVAL OF THE SALE OF SUBSTANTIALLY ALL OF THE**
**DEBTOR'S ASSETS AND PROCEDURES RELATED THERETO**
_____

PLEASE TAKE NOTICE THAT:

1. <u>Introduction</u>. On December 13, 2017, the Bankruptcy Court for the District of Colorado (the "**Bankruptcy Court**"), upon the motion (the "**Motion**") of Niner, Inc. (the "**Debtor**"), entered an order (the "**Bid Procedures Order**"): (a) approving the bidding procedures and bidder protections (the "**Bid Procedures**")[1] with respect to the sale (the "**Sale**") of substantially all of the Debtor's assets (the "**Purchased Assets**"); (b) scheduling an auction (the "**Auction**") for the Purchased Assets and a hearing approving the sale of the Purchased Assets (the "**Sale Hearing**"); and (c) approving certain procedures (the "**Assignment Procedures**") related to the assumption and assignment of those executory contracts and unexpired leases related to the Purchased Assets and whose assignment is contemplated by the Sale (the "**Assumed Contracts and Leases**"). A copy of the Bid Procedures is annexed hereto as **Exhibit 1**.

2. <u>Important Dates</u>. Pursuant to the Bid Procedures and the Assignment Procedures, the Bankruptcy Court has established the following dates:

| | |
|---|---|
| **Bid Deadline** | **January 10, 2018, at 1:00 p.m. MST** |
| **Objection Deadline** | **January 10, 2018, at 1:00 p.m. MST** |
| **Auction** | **January 11, 2018 at 1:00 p.m. MST** |
| **Supplemental Objection Deadline** | **January 16, 2018 at 12:00 (noon) MST** |
| **Sale Hearing** | **January 17, 2018 at 1:30 p.m. MST** |

---

[1] Capitalized terms not defined herein shall have the meaning assigned to such terms in the Bid Procedures.

{Z0198891/1 }

3. <u>The Agreement</u>. The Debtor entered into that certain Asset Purchase Agreement for the sale of the Purchased Assets (the "**Agreement**") with Niner Acquisition LLC (the "**Purchaser**"), and the assignment of certain contracts and leases related thereto. As set forth in the Bid Procedures, the Sale of the Purchased Assets remains subject to competing offers from qualified prospective bidders.

4. <u>Due Diligence</u>. Parties interested in conducting due diligence should contact Debtor's counsel, Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com).

5. <u>Submission of Bids</u>. To participate in the bidding process and to have a bid considered by the Debtor, each potential bidder must deliver a written offer or offers satisfying the criteria prescribed in the Bid Procedures. Each Bid Package must be delivered in written and electronic form (where available) to: (a) Debtor's counsel, Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com), and; (b) counsel to the Committee, if any, so as to **actually be received no later than January 10, 2018 at 1:00 p.m. (prevailing Mountain Time)** (the "**Bid Deadline**").

6. <u>Auction</u>. In the event that the Debtor receives qualified bids for the Purchased Assets other than the one submitted by the Purchaser, the Debtor intends to conduct the Auction. The Auction will take place at the offices of Debtor's counsel, Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com), or such other place, date and time as may be designated by the Debtor, at or prior to the Auction.

7. <u>Sale Hearing</u>. The Bid Procedures Order provides that the Sale Hearing will be held on **January 17, 2018 at 1:30 p.m. (prevailing Mountain Time)**, before the Honorable Judge Thomas B. McNamara, United States Bankruptcy Judge, in Courtroom E at the United States Bankruptcy Court for the District of Colorado. At the Sale Hearing, the Debtor will request that the Bankruptcy Court enter an order approving the Sale of the Purchased Assets to the prevailing bidder(s) at the Auction (or to the Purchaser in the event the Auction is not held).

8. <u>Objections</u>. Objections, if any, to the Motion (other than objections with respect to cure amounts or adequate assurance of future performance under the Assumed Contracts and Leases, which are subject to the Assignment Procedures) and any filed supplements thereto, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtor's counsel, Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com); (b) counsel to the Committee, if any, (c) counsel to the Purchaser; and, (c) any other party requesting notice, so as to be actually received by **1:00 p.m. (prevailing Mountain Time) on January 10, 2018** (the "**Objection Deadline**").

9. <u>Supplemental Objections</u>. Only in the event the Debtor chooses a Successful Bidder or Backup Bidder other than the Purchaser at the Auction or the terms of the proposed Sale are modified at the time of the Auction, the Objection Deadline solely with respect to (i) the Debtor's choice of such alternative Successful Bidder or Backup Bidder, or the modifications to

the terms of the Sale to the Successful Bidder, and (ii) cure amounts under the Assumed Leases and Contracts, to the extent such party did not receive notice of such cure amounts prior to the Auction must be filed with the Court at **12:00 noon (prevailing Mountain Time) on January 16, 2018**.

10. A copy of the Bid Procedures Order or any other document referenced herein can be viewed and obtained from the Bankruptcy Court.

Dated: December 15, 2017

                                          MARKUS WILLIAMS YOUNG AND ZIMMERMANN LLC

                                          */s/ Matthew T. Faga*
James T. Markus, #25065
Matthew T. Faga, #41132
1700 Lincoln Street, Suite 4550
Denver, CO 80203
Telephone: 303-866-0102
Facsimile: 303-830-0809
jmarkus@markuswilliams.com
mfaga@markuswilliams.com

*Counsel for the Debtor and Debtor-in-Possession*

# EXHIBIT 1

## BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF NINER, INC.

NINER, INC. (the "**Debtor**"), as a chapter 11 debtor and debtor-in-possession, has entered into that certain Asset Purchase Agreement (the "**Agreement**") for the sale of certain of its purchased assets (the "**Purchased Assets**") to Niner Acquisition LLC (the "**Purchaser**"), which provides, among other things, for the payment of a purchase price consisting of: (a) cash in an amount equal to the Obligations owed by Debtor to PMC (the "**PMC Obligations**"), as the term Obligations is defined in that certain Loan and Security Agreement, dated April 23, 2012, between Seller and PMC, as amended, modified or restated from time to time, and encompassing both prepetition and post petition obligations of Seller to PMC as of the Closing Date (the "**PMC Cash Amount**");[2] (b) additional cash in the amount of $100,000 (the "**Additional Cash Amount**"); plus (c) the assumption of the Assumed Liabilities. The transaction with the Purchaser pursuant to the Agreement is referred to as the "**Sale**".

On December 13, 2017, the United States Bankruptcy Court for the District of Colorado (the "**Bankruptcy Court**") granted the Debtor's motion (the "**Bid Procedures Motion**") for an order approving the following bid procedures (the "**Bid Procedures**") to be employed in connection with the solicitation for higher or better bids at an auction (the "**Auction**") for the sale of the Purchased Assets (the "**Bid Procedures Order**"), if necessary. The Bid Procedures Order also approved certain procedures (the "**Assignment Procedures**") relating to the assumption and assignment of certain executory contracts and unexpired leases, the assumption and assignment of which will be a condition to closing the transactions contemplated by the Agreement (collectively, the "**Assumed Contracts and Leases**").

1. **Important Dates**

| | |
|---|---|
| **Bid Deadline** | January 10, 2018, at 1:00 p.m. MST |
| **Objection Deadline** | January 10, 2018, at 1:00 p.m. MST |
| **Auction** | January 11, 2018 at 1:00 p.m. MST |
| **Supplemental Objection Deadline** | January 16, 2018 at 12:00 (noon) MST |

---

[2] PMC has agreed that if the stalking horse bidder is the successful bidder for the Purchased Assets, PMC will credit the PMC Cash Amount in an amount equal to $100,600 on account of prepetition default interest, plus $40,000 on account of the closing fee in connection with the debtor in possession financing agreement between PMC and Debtor.

{Z0198891/1 }

Sale Hearing  January 17, 2018 at 1:30 p.m. MST

2. **Assets to be Sold Free and Clear**

Except as otherwise provided in definitive documentation with respect to the Sale, all of the Debtor's rights, title and interest in and to the Purchased Assets shall be sold free and clear of all pledges, liens, security interests, hypothecations encumbrances, claims, charges, options, deeds of trust, encroachments, retentions of title, conditioned sale arrangements, restrictive covenants, rights of first offer, rights of first refusal, licenses or any other limitations, restrictions and interests of any kind thereon and there against (collectively, the "**Claims and Interests**").

3. **Stalking Horse**

The Agreement provides that the Purchaser shall act as the "stalking horse bidder" in the Auction and, if it is not the Successful Bidder, shall be entitled to a break-up fee in the greater amount of either $100,000 or 3% of the Purchase Price (the "**Break-Up Fee**"), and reimbursement of the reasonable, documented expenses not to exceed $50,000 (the "**Expense Reimbursement**"), which are payable in accordance with the terms of the Agreement.

4. **Mailing of the Auction and Hearing Notice**

On a date no later than two business days following entry by the Bankruptcy Court of the Bid Procedures Order, the Debtor shall mail by first class mail (or by email as to any potential purchasers referenced in items (c) or (d) below) the notice of the proposed sale of the Purchased Assets (the "**Auction and Hearing Notice**") in the form approved by the Bankruptcy Court in the Bid Procedures Order to (a) any party requesting service in this case, (b) all counterparties to the Assumed Contracts and Leases, (c) all potential purchasers identified by the Debtor or its agents, and (d) any other party known to the Debtor to have or assert an interest in any of the Purchased Assets.

Any other party-in-interest that wishes to receive a copy of the Bid Procedures Order and/or the Bid Procedures Motion shall make such request in writing to Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com).

5. **Confidentiality Agreement / Due Diligence**

The Debtor may afford any interested party the opportunity to conduct a reasonable due diligence review in the manner determined by the Debtor in its discretion. The Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline (defined below).

**Contacts for Parties interested in conducting due diligence.**

Any entity that wishes to conduct due diligence with respect to the Purchased Assets must deliver to Debtor's counsel, Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com) the following: (a) an executed confidentiality agreement in form and substance satisfactory to the

Debtor and which shall inure to the benefit of the Purchaser from and after a closing of the sale with the Purchaser, and (b) such information as the Debtor may determine in its sole discretion as is required to demonstrate such entity's financial wherewithal to purchase the Purchased Assets and the ability to make a Qualified Bid (as defined below).

The Debtor may allow any party delivering such a confidentiality agreement and, if necessary, information demonstrating such party's financial wherewithal (such person or entity, a "**Potential Bidder**") to conduct due diligence with respect to the Purchased Assets.

6. **Qualification of Bids and Bidders**

To participate in the bidding process and to have a bid considered by the Debtor, each Potential Bidder must deliver a written offer or offers satisfying the below criteria. A "**Qualified Bidder**" is a Potential Bidder that delivers a binding bid that in the Debtor's discretion satisfies the following criteria (a "**Qualified Bid**"):

(a) Bid Deadline. Each Bid Package (defined below) must be delivered in written and electronic form (where available) to: (a) Debtor's counsel, Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com), (b) counsel to the Committee, if any, so as to **actually be received no later than January 10, 2018 at 1:00 p.m. (prevailing Mountain Time) (the "Bid Deadline")**.

(b) Bid Package. Each bid must include (collectively, the "**Bid Package**"): (i) a written and signed irrevocable and binding offer letter stating that (w) the bidder offers to consummate a transaction on terms and conditions no less favorable than those found in the Agreement and in an amount at least equal to the Minimum Bid (as defined below), (x) confirming that the bid will remain irrevocable and binding until five business days following the entry of the Sale Order, (y) that the Bidder has had the opportunity to conduct due diligence prior to its offer and does not require further due diligence, has relied solely upon its own independent review and investigation and did not rely on any written or oral representations except as expressly set forth in the Modified Agreement (defined below), and (z) the Bidder shall, if designated as such in accordance with these procedures, serve as the Backup Bidder (defined below) until the consummation of the transaction pursuant to the Successful Bid; (ii) an executed copy of the Agreement as modified by the Potential Bidder in accordance with its bid ("**Modified Agreement**"); (iii) an electronic markup of the Agreement showing the revisions in the Modified Agreement, along with a clean copy of the Modified Agreement (formatted as a Microsoft Word document). The Debtor shall determine whether any Modified Agreement that modifies the Agreement in any respect beyond the identity of the purchaser and the purchase price under the Agreement is a Qualified Bid.

{Z0198891/1 }

(c) <u>Minimum Bid</u>.  The amount of the purchase price in any bids for the Purchased Assets must provide for value that is at least $100,000.00, in the aggregate, more than the sum of the purchase price contained in the Agreement and the amount of the Expense Reimbursement and the Break-Up Fee (the "**Minimum Bid**").

(d) <u>Financial Information</u>. The Bid Package must contain such financial and other information that will allow the Debtor to make a determination as to the bidder's financial wherewithal and its ability to consummate the transactions contemplated by the Modified Agreement, including evidence of adequate financing, any proposed conditions to closing and adequate assurance of such bidder's ability to perform under any of the Assumed Contracts and Leases.  Any counterparty to an unexpired lease or executory contract that is scheduled to be assumed and assigned to the buyer may request adequate assurance information from Debtor's counsel, and Debtor's counsel may provide such information to contract counterparties, provided that any party receiving adequate assurance information from the Purchaser or any other Qualified Bidder is required to maintain the confidentiality of such information.

(e) <u>Regulatory Approvals</u>.  The Bid Package must describe all regulatory approvals the bidder will need and provide evidence of the bidder's ability to obtain all necessary regulatory approvals in a timely manner, if applicable.

(f) <u>Executory Contracts and Unexpired Leases</u>.  The Modified Agreement must identify with particularity each and every proposed Assumed Contract and Lease.

(g) <u>Additional Bid Protections</u>.  The bid must not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment, or propose to modify any of the Bid Procedures.

(h) <u>Identity of Bidders</u>.  Each Potential Bidder must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such bid, including the names and addresses of any members or individuals with an interest in the entity, and the complete terms of any such participation, as well as disclose the organization form and the business conducted by each entity.  Any Potential Bidder shall be required to provide such additional information as the Debtor may require regarding a Potential Bidder's ability to satisfy the requirements of the applicable regulatory authorities.

(i) <u>Due Diligence</u>.  The bid must not contain any due diligence or financing contingencies of any kind, and must affirmatively acknowledge that the bidder (i) had an opportunity to conduct due diligence prior to making its offer and does not require further due diligence, (ii) has relied solely upon

its own independent review, investigation, and/or inspection of any documents and/or the Purchased Assets in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection therewith.

(j) **Consents**. Each Potential Bidder must represent that it obtained all necessary organizational approvals to make its competing bid and to enter into and perform the Modified Agreement and include evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified Agreement.

(k) **Deposit**. A Potential Bidder for the Purchased Assets (other than the Purchaser) must deposit **10% of the purchase price** under the Modified Agreement (the "**Deposit**") with Debtor's counsel (the "**Deposit Agent**") in the form of a certified check or wire transfer no later than two (2) business days after the Bid Deadline. The Potential Bidder shall forfeit the Deposit if (i) the Potential Bidder is determined to be a Qualified Bidder and withdraws or modifies its bid other than as provided herein, (ii) the bidder is the Backup Bidder and withdraws the bid prior to the consummation of the Sale contemplated by the Successful Bid, or (iii) the bidder is the Successful Bidder and (x) withdraws the bid before the consummation of the sale contemplated by the Successful Bid, or (y) breaches the Agreement (or Modified Agreement, as applicable) associated with such bid. The Deposit shall be returned to the Potential Bidder (unless such Potential Bidder has forfeited its Deposit) (i) as soon as practicable if the Potential Bidder is not determined to be a Qualified Bidder; (ii) if the Potential Bidder is determined to not be the Successful Bidder or the Backup Bidder at the Auction, no later than five (5) business days following conclusion of the Auction; or (iii) if the Potential Bidder is determined to be the Backup Bidder, no later than five (5) business days after consummation of the Sale to the Successful Bidder. The Deposit will not be required to be maintained in an interest bearing account, but any interest earned on any Deposit will be remitted to the appropriate Qualified Bidder if the Deposit is returned to the Qualified Bidder pursuant to the above.

The Debtor shall have the right to determine whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be Qualified Bids, as soon as possible, and prior to the Auction. For the avoidance of doubt, the Purchaser is a Qualified Bidder and the Agreement constitutes a Qualified Bid. After the Debtor determines which bids are Qualified Bids, the Debtor shall distribute the Qualified Bids, including the associated Modified Agreements, to the Purchaser.

7. **Only One Qualified Bid**

If no Qualified Bids (other than Purchaser's Agreement) are submitted, the Debtor shall not hold the Auction, but shall proceed with the Sale Hearing to seek approval of the sale of the Purchased Assets to the Purchaser pursuant to the Agreement (or any modifications agreed to between the Debtor and Purchaser).

8. **Auction**

In the event that the Debtor timely receives more than one Qualified Bid (other than the Purchaser's Agreement and one or more credit bids pursuant to paragraph 8(e) below), the Debtor shall conduct the Auction with respect to the Purchased Assets. The Auction will take place at the offices of Debtor's counsel - Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203, on **January 11, 2018**, starting at **1:00 p.m. (prevailing Mountain Time)**, or at such other place, date and time as may be designated by the Debtor at or prior to the Auction. The Auction shall be governed by the following procedures:

(a) Participation. Qualified Bidders shall be entitled to participate in the Auction, and each Qualified Bidder shall appear in person at the Auction, or through a duly authorized representative. At least one day prior to the commencement of the Auction, each Qualified Bidder must confirm in writing that it will participate in this Auction; provided, however, that in the event a Qualified Bidder does not attend the Auction, the relevant Qualified Bid shall nonetheless remain fully enforceable against that Qualified Bidder in accordance herewith.

(b) Anti-Collusion. At the commencement of the Auction, each Qualified Bidder shall be required to confirm that it has not engaged and will not engage in any collusion with any other Qualified Bidder with respect to the bidding or the Sale.

(c) Conduct of Auction. The Auction will be conducted openly with the proceeding being transcribed and each Qualified Bidder being informed of the terms of the previous bid.

(d) Bidding. Bidding at the Auction shall commence at the amount of the highest or otherwise best Qualified Bid submitted prior to the Auction; Qualified Bidders for all of the Purchased Assets may then submit successive bids in increments of $50,000 (the "**Bid Increment**"). Any bid submitted after the conclusion of the Auction shall not be considered for any purpose. At the Auction, Purchaser shall be entitled to credit bid in an amount equal to the Break-Up Fee and the Expense Reimbursement for any subsequent bid(s) it submits at the Auction.

(e) Successful Bid. If an Auction is conducted, it shall continue until the Debtor determines which offer is the highest or otherwise best offer from among the Qualified Bids submitted at the Auction (such bid or bids, as applicable, the "**Successful Bid**"); provided, however, in the event the

        Purchaser's last bid is higher or otherwise better than any bid submitted by a Qualified Bidder, the Purchaser's bid (as per the Purchaser's Agreement (as existing or modified at the Auction) shall be deemed to be the Successful Bid.  The Qualified Bidder submitting such Successful Bid shall become the "**Successful Bidder**," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Modified Agreement, as applicable, together with any changes made thereto by the Successful Bidder at the Auction.  Within one business day after the conclusion of the Auction, but in any event prior to the commencement of the Sale Hearing (as defined below), the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made.

    (f)    Backup Bid.  At the conclusion of the Auction, the Debtor will also announce the second highest or otherwise best bid from among the Qualified Bids submitted at the Auction (the "**Backup Bid**").  The Qualified Bidder submitting such Backup Bid shall become the "**Backup Bidder**," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Modified Agreement, together with any changes made thereto by the Backup Bidder at the Auction.  ***The Backup Bid shall remain open and irrevocable until the consummation of the Sale of the Purchased Assets pursuant to the Successful Bid,*** provided if Purchaser is the Back-Up Bidder, its bid shall only remain open until the Outside Date (as defined below).  In the event the Backup Bidder fails to comply with the requirements of this paragraph, it will be deemed to have forfeited its Deposit.  The Backup Bidder's Deposit will be returned by the Debtor upon the earlier of the following: (i) the Outside Date, or (ii) immediately following consummation of the Successful Bid.  For the avoidance of doubt, the Purchaser as a Qualified Bidder shall automatically be deemed a Backup Bidder if its bid is determined to be the second highest or otherwise best bid from among the Qualified Bids submitted at the Auction; *provided*, *however*, notwithstanding any other provision contained herein, the Purchaser or any other bidder shall remain as Backup Bidder only through **February 16, 2018** (the "**Outside Date**").

    9.    **Sale Hearing**

The Successful Bid and the Backup Bid (or the Purchaser's Agreement in the event the Auction is not held) will be subject to approval by the Bankruptcy Court after a hearing (the "**Sale Hearing**") that will take place **January 17, 2018 at 1:30 p.m.** (prevailing Mountain Time) and entry of an order approving such sale (the "**Sale Order**").  Upon approval of the Backup Bid by the Bankruptcy Court, the Backup Bid shall remain open and irrevocable until the earlier of (i) consummation of the Sale pursuant to the Successful Bid or (ii) the Outside Date.

Objections, if any, to the Sale Motion, the assumption and assignment of contracts leases, and the cures thereunder (if any), and any filed supplements thereto, shall: (i) be in writing; (ii)

specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtor's counsel, Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com), (b) counsel to the Committee, if any, (c) counsel to the Purchaser, and (d) any other party requesting notice, so as to be actually received by **1:00 p.m. (prevailing Mountain Time) on January 10, 2018** (the "**Objection Deadline**").

### 10. **Supplemental Objections**

In the event the Debtor chooses a Successful Bidder or Backup Bidder other than the Purchaser at the Auction or the terms of the proposed Sale are modified at the time of the Auction, the Objection Deadline solely with respect to (i) the Debtor's choice of such alternative Successful Bidder or Backup Bidder, or the modifications to the terms of the Sale to the Successful Bidder and (ii) cure amounts under the Assumed Leases and Contracts, to the extent such party did not receive notice of such cure amounts prior to the Auction, must be filed with the Court at **12:00 noon Mountain Time on January 16, 2018**.

### 11. **Consummation of the Sale**

Following the Sale Hearing, if for any reason the Successful Bidder fails to consummate the purchase of the Purchased Assets, then the Backup Bidder will automatically be deemed to have submitted the highest or otherwise best bid. Thereafter, the Debtor and the Backup Bidder are authorized to immediately effect the sale of the Purchased Assets to the Backup Bidder on the terms of the Backup Bid as soon as is commercially reasonable without further order of the Bankruptcy Court. If such failure to consummate the purchase is the result of a breach by the Successful Bidder, its Deposit shall be forfeited to the Debtor and the Debtor specifically reserves the right to seek all available damages from the defaulting bidder.

### 12. **Jurisdiction**

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the Sale of the Purchased Assets, the Bid Procedures, the Sale Hearing, the Auction, the Successful Bid, the Backup Bid, and/or any other matter that in any way relates to the foregoing. All Qualified Bidders shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any Auction related disputes.

### 13. **Additional Procedures**

The Debtor reserves the right to adopt any other procedures reasonably necessary to implement the Bid Procedures, to the extent not inconsistent with the foregoing.